UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL FALCON,           ) | 1:10-cv-01959-OWW-JLT HC |
|                          ) | |
|     Petitioner,          ) | FINDINGS AND RECOMMENDATIONS TO |
|                          ) | SUMMARILY DISMISS PETITION FOR |
|     v.                   ) | WRIT OF HABEAS CORPUS (Doc. 1) |
|                          ) | |
|                          ) | ORDER DIRECTING THAT OBJECTIONS |
| BOARD OF PAROLE HEARINGS,) | BE FILED WITHIN TWENTY DAYS |
|                          ) | |
|     Respondent.          ) | |
| _____  ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 19, 2010, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). On October 29, 2010, the Court ordered Respondent to file a response to the petition. (Doc. 6). On December 28, 2010, Respondent filed the Answer. (Doc. 12). On January 25, 2011, Petitioner filed his Traverse. (Doc. 13).

Petitioner challenges the California court decisions upholding a December 28, 2009, decision of the California Board of Parole Hearings ("BPH"). In essence, Petitioner claims the California courts unreasonably determined that there was some evidence that he posed a current risk of danger to the public if released on parole and that the BPH's decision was arbitrary and was not based on "some evidence" in the record. Petitioner also contends that the BPH's failure to find him suitable

for parole violates the original plea agreement and the application of Proposition 9 to his case violates the federal Ex Post Facto Clause.

I. Preliminary Screening of the Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th cir. 1990). Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II. Failure to State a Claim Cognizable Under Federal Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 19, 2010, and thus, it is subject to the provisions of the AEDPA.

Here, Petitioner alleges that he is an inmate of the California Department of Corrections and

Rehabilitation who is serving a sentence of nineteen years-to-life imposed in the Merced County Superior Court after Petitioner's 1988 conviction for one count of second degree murder and one count of manslaughter. (Doc. 1, p. 1). Petitioner does not challenge either his conviction or sentence; rather, Petitioner challenges the December 28, 2009 decision of the BPH finding him unsuitable for parole.

Petitioner raises the following grounds for relief: (1) Respondent has violated the plea agreement by not granting Petitioner parole; (2) the BPH's decision violates Petitioner's due process rights because it is not supported by "some evidence" of current dangerousness; (3) Petitioner has been deemed a low risk to public safety, thereby meeting state requirements regarding current dangerousness of potential parolees; and (4) application of Proposition 9 to Petitioner's case violates the Ex Post Facto clause of the federal constitution. (Doc. 1, pp. 8-21).

A.  Substantive Due Process Claims And California's "Some Evidence" Standard

As discussed more fully below, the claims in the petition sound exclusively in substantive federal due process and therefore are not cognizable in these proceedings.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke, 562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011). In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout, 2011 WL 197627, *2.

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1] Swarthout v. Cooke, 2011 WL 197627, *2. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures requires are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 15-16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id.

1  allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  (Citation omitted.)

Swarthout, 2011 WL 197627, *2.

The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court emphasized that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."  Id.

Swarthout forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws.  Here, Grounds Two and Three in the petition sound exclusively in substantive due process and are therefore foreclosed by Swarthout.  Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or reliance upon the circumstances of the commitment offense to support denial of parole, are simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254.  Accordingly, the petition should be summarily dismissed.

Moreover, to the extent that these claims in the petition rest solely on state law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state

law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

  B. Procedural Due Process

  Petitioner has neither claimed nor established a violation of his federal right to procedural due process. Respondent has included a transcript of the BPH hearing in his Answer. (Doc. 12, Ex. 1, Pt. 1, p. 41 et seq.). From that transcript, it is clear that Petitioner was present at the BPH hearing (id.), that he had an opportunity to be heard (e.g., id., pp. 105-114; 122-126), that he was represented by counsel who also attended the hearing and argued on Petitioner's behalf (e.g., id., pp. 116-121), and that Petitioner received a statement of the Board's reasons for denying parole. (Id., pp. 128-135).

  According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not present cognizable claims for relief and should be summarily dismissed.

  C. Proposition 9 Violates The Federal Ex Post Facto Clause

  In Ground Four, Petitioner contends that Proposition 9, which permits the BPH to delay an inmate's next parole hearing for up to fifteen years, is a violation of the Ex Post Facto clause of the federal constitution. The Court disagrees.

  "The States are prohibited from enacting an ex post facto law." Garner v. Jones, 529 U.S. 244, 249 (2000)(citing U.S. Const., art. I, § 10, cl. 1). "One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." Id. Although retroactive changes in laws governing parole of inmates may violate the Ex Post Facto Clause, "not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited." Id. at 250. A retroactive procedural change violates the Ex Post Facto Clause when it "creates a significant risk of prolonging [an inmate's] incarceration." Id. at 251. A "speculative" or "attenuated" risk of prolonging incarceration is insufficient to establish a violation of the Ex Post Facto Clause. Cal. Dept. Of Corr. V. Morales, 514 U.S. 499, 509 (1995). Thus, in order to establish an Ex Post Facto Clause violation, (1) an inmate must show that Proposition 9, on its face, creates a significant risk of increasing the

punishment of California life-term inmates, or (2) the inmate must "demonstrate, by evidence drawn from [Proposition 9's] practical implementation...that its retroactive application will result in a longer period of incarceration than under the [prior law]." Garner, 529 U.S. at 255.

Prior to the enactment of Proposition 9, California law required that a state inmate receive an annual parole hearing unless, when certain circumstances were present, the BPH scheduled the hearing for between two and five years hence. Cal. Pen. Code § 3041.5(b)(2). In 2010, Proposition 9 amended California law to eliminate the annual parole hearing and permit the BPH to schedule future hearings between three and fifteen years hence. Cal. Pen. Code § 3041.5(b)(3)(2010).

In Gilman v. Schwarzenegger, 2011 WL 198435 (9th Cir. Jan. 24, 2011), the Ninth Circuit rejected an inmate's ex post facto challenge to Proposition 9. After noting that "Proposition 9 did not increase the statutory punishment for any particular offense, did not change the date of inmates' initial parole hearings, and did not change the standard by which the Board determined whether inmates were suitable for parole," the Court went on to consider the effect of the greater delays between parole hearings on the inmate's period of incarceration, and concluded that no federal violation occurred:

> Even assuming, without deciding, that the statutory changes decreasing the frequency of scheduled hearings would create a risk of prolonged incarceration, the availability of advance hearings is relevant to whether the changes in the frequency of parole hearings create a significant risk that prisoners will receive a greater punishment. Garner, 529 U.S. at 256-257; Morales, 514 U.S. at 512.
> ...
> Here, advance hearings are explicitly made available by statute: 'The board may in its discretion...advance a hearing...to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner.' Cal. Penal Code § 3041.5(b)(4). The Board may exercise its discretion to hold an advance hearing sua sponte or at the request of a prisoner. A prisoner may request an advance hearing by submitting a written request that 'set[s] forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration." Id. § 3041.5(d)(1). The Board's decision to deny a prisoner's request for an advance hearing is subject to judicial review. Id. § 3041.5(d)(2). Here, as in Morales, an advance hearing by the Board 'would remove any possibility of harm' to prisoners because they would not be required to wait a minimum of three years for a hearing. 514 U.S. at 513.

Gilman, 2011 WL at *5-6.

The Ninth Circuit concluded that "[t]here were no facts in the record from which the district court could infer that Proposition 9 created a significant risk of prolonging Plaintiff's incarceration."

1  Id. at * 8.  Accordingly, Petitioner's claim to the contrary is summarily rejected.

2        D.  <u>Ground One Fails To State A Claim For Habeas Relief</u>.

3        In Ground One, Petitioner argues that, when he entered his plea in 1988, two promises were
4  made by the prosecution: (1) that Petitioner would ultimately be paroled; and (2) that Petitioner's
5  plea attorney would be present at his parole hearings.  (Doc. 1, pp. 5-7).  Petitioner argues that
6  neither promise has been met and therefore the plea agreement has been violated.  For the reasons set
7  forth below, the Court concludes that this claim fails to state a claim for federal habeas relief and
8  should therefore be summarily dismissed.

9        In <u>Santobello v. New York</u>, 402 U.S. 257, 92 S.Ct. 495 (1971), the United States Supreme
10 Court stated that "when a plea rests in any significant degree on a promise or agreement <u>of the</u>
11 <u>prosecutor</u>, so that it can be said to be part of the inducement or consideration, such promise must be
12 fulfilled."  <u>Santobello</u>, 402 U.S. at 262.  (Emphasis supplied).

13       Petitioner contends that two promises were made at his plea hearing that have not been kept,
14 i.e., that he would be paroled and that his attorney would appear at the parole hearings.  In support of
15 his claim, Petitioner has appended to the petition a transcript of the May 3, 1988 plea proceedings.
16 (Doc. 2, p. 3 et seq.).

17       As to the first "promise,"  nowhere in that transcript is Petitioner promised by anyone that he
18 will be paroled.  To the contrary, the superior court judge clearly emphasized to Petitioner that,
19 unless he were granted parole by the BPH at some point in the future, he could spend the rest of his
20 life in prison:

21     THE COURT: It's one of the two indeterminate sentences, being 15 years to life.  Do you
    understand the maximum sentence could be life in prison if you were never paroled, but
22     that's not up to me, that's up to the parole board, but do you understand that?

23     THE DEFENDANT: Yes, sir.

24 Doc. 2, p. 12).

25       As to the second "promise," as Respondent correctly points out, that is a matter between
26 Petitioner and his attorney; it was not a "promise" made by the prosecutor as an inducement to get
27 Petitioner to plead guilty.  Accordingly, <u>Santobello</u>'s holding does not apply to that "promise."
28 Conclusory allegations which are not supported by a statement of specific facts do not warrant

1  habeas relief. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Notice pleading is insufficient;
2  Petitioner must state sufficient facts. See id. (citing Blackledge v. Allison ,431 U.S. 63, 75 n. 7
3  (1977)). Although Petitioner alleges two broken "promises" resulting from his plea agreement,
4  Petitioner's own evidence unequivocally establishes that no promise of parole was ever made at his
5  parole hearing by the prosecution. The other promise, if made at all, was made off the record by
6  Petitioner's own attorney directly to Petitioner and is a matter strictly between Petitioner and his
7  counsel. It does not implicate any federal constitutional right. Accordingly, Petitioner's claim of a
8  breached plea agreement is insufficient to merit habeas review by this Court.

## RECOMMENDATION

10  For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for
11  writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon
12  which federal habeas relief can be granted.
13  This Findings and Recommendation is submitted to the United States District Court Judge
14  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of
15  the Local Rules of Practice for the United States District Court, Eastern District of California.
16  Within twenty (20) days after being served with a copy, any party may file written objections with
17  the court and serve a copy on all parties. Such a document should be captioned "Objections to
18  Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and
19  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
20  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The
21  parties are advised that failure to file objections within the specified time may waive the right to
22  appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23
24  IT IS SO ORDERED.
25  Dated:  **March 2, 2011**                    /s/ **Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE
26
27
28